## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| MARTIN A. BLASNEK,<br><br>     Plaintiff,<br><br>v.<br><br>EDWARD SLOAN AND ASSOCIATES,<br>INC.,<br><br>     Defendant. | Case No. 6:19-cv-00597 |

## COMPLAINT

NOW COMES Plaintiff, MARTIN A. BLASNEK, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, EDWARD SLOAN AND ASSOCIATES, INC., as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.; the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*.; and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      MARTIN A. BLASNEK ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Gilmer, Texas.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8.      Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

9.      EDWARD SLOAN AND ASSOCIATES, INC. ("ESA") is a corporation organized under the laws of Texas.

10.     ESA has its principal place of business at 368 Private Road, 8565, Winnsboro, Texas 75494.

11.     ESA is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of ESA's business is the collection of debt.

12.     ESA is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

13.     ESA is a "person" as defined by 47 U.S.C. § 153(39).

14.     ESA is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

15.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 9134.

16.     At all times relevant, Plaintiff's number ending in 9134 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17.     At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

18.     Plaintiff cares for and is otherwise responsible for his minor daughter.

19.     Plaintiff's daughter received medical services.

20.     These services generated certain bills.

21.     These bills, once unpaid, were turned over to Defendant for collection.

22.     These bills are a "debt" as defined by 15 U.S.C. § 1692a(5).

23.     These bills are a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

24.     Years ago, Plaintiff started to receive phone calls from ESA who was seeking to collect on this medical debt.

25.     On multiple occasions, Plaintiff answered.

26.     Often times, Plaintiff was met by clear pause, and was forced to say "*Hello, Hello, Hello*" prior to being connected to ESA's representative.

27.     These times, Plaintiff informed ESA's representative that he cannot afford payments at this time before asking that they stop calling.

28.     Other times, Plaintiff received an automated/prerecorded message stating: "[y]ou have an important business matter with Edward Sloan and Associates, please contact us at …."

29.     In spite of Plaintiff's explicit requests, these phone calls continue to be received.

30.     In fact, Plaintiff has received dozens of phone calls from numbers leading back to ESA – (903) 347-6803 and (903) 342-3802.

31.     ESA's phone calls resulted in aggravation that accompanies unsolicited phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the

per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services, and wasting Plaintiff's time.

32.     Concerned with having had his rights violated, Plaintiff sought counsel to ensure that ESA's unlawful collection practices stopped.

33.     Accordingly, Plaintiff needed to expend energy/time consulting with attorneys as direct result of ESA's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

34.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

35.     Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

36.     ESA violated 15 U.S.C. § 1692d(5) by continuing to place phone calls to Plaintiff despite Plaintiff telling ESA that he cannot afford payments.

37.     ESA violated 15 U.S.C. § 1692d(5) by continuing to place phone calls to Plaintiff despite Plaintiff's multiple explicit request(s) that ESA stop calling.

38.     ESA's behavior of continuing to place phone calls to Plaintiff despite Plaintiff's requests that ESA stop calling was abusive, harassing, and oppressive.

39.     Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

     (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.     a finding that ESA violated 15 U.S.C. § 1692d(5);

B.     an award of any actual damages sustained by Plaintiff as a result of ESA's violation(s);

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.     an award of such other relief as this Court deems just and proper.

## Count II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

40.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

41.     ESA placed or caused to be placed dozens of non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

42.     Upon information and belief, based on the "clear pause" Plaintiff experienced, ESA employed an ATDS to place calls to Plaintiff's cellular telephone.

43.     Upon information and belief, the ATDS employed by ESA transfers the call to a live representative once a human voice is detected, hence the clear pause.

44.     Upon information and belief, based on the prerecorded messages Plaintiff received, ESA employed an ATDS to place calls to Plaintiff's cellular telephone.

45.     Upon information and belief, the ATDS employed by ESA has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

46.     Upon information and belief, ESA acted through its agents, employees, and/or representatives at all times relevant.

47.     As a result of ESA's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

48.     As a result of ESA's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A.      a finding that ESA violated 47 U.S.C. § 227 *et seq.*;

B.      an award of statutory damages of at least $500.00 for each and every violation;

C.      an award of treble damages of up to $1,500.00 for each and every violation; and

D.      an award of such other relief as this Court deems just and proper.

**Count III**
**Violation(s) of Tex. Fin. Code Ann. § 392.302**

49.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

50.     Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

> (4)     causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

51.     ESA violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff despite Plaintiff telling ESA that he cannot afford payments.

52.     ESA violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff despite Plaintiff's multiple explicit request(s) that ESA stop calling.

53.     Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

(a)     A person may sue for:

> (1)     injunctive relief to prevent or restrain a violation of this chapter; and

> (2)     actual damages sustained as a result of a violation of this chapter.

(b)     A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A.      a finding that ESA violated Tex. Fin. Code Ann. § 392.302(4);

B.      an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C.    an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D.    an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E.    an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: December 13, 2019

Respectfully submitted,

**MARTIN A. BLASNEK**

By: _/s/ Joseph S. Davidson_

Mohammed O. Badwan
Joseph S. Davidson
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com